Neal E. WILLIAMS, Jr.,

v.

The UNITED STATES.

No. 103–56.

United States Court of Claims.

Oct. 2, 1956.

Neal E. Williams, Jr., pro se.

Herbert M. Canter, Washington, D. C., with whom was George Cochran Douh, Asst. Atty. Gen., for defendant.

JONES, Chief Judge.

Plaintiff is an officer in the Coast Guard who alleges that he is entitled to an additional longevity differential based on the time he spent as a cadet at the Coast Guard Academy. Both parties have moved for summary judgment.

Plaintiff attended the Coast Guard Academy from August 10, 1945, to June 3, 1949. On the latter date he was commissioned an ensign in the Coast Guard and has since been successively promoted to the rank of lieutenant. Throughout his commissioned service plaintiff has not been given any credit in the computation of his longevity differential for the time he was at the Coast Guard Academy. Plaintiff has made a claim with the proper authorities but it was rejected. There is some dispute between the parties as to the applicability of the statute of limitations to a part of the claim but since we believe plaintiff is not entitled to recover in any event we shall pass over this question.

Plaintiff bases his right to recover on section 202(a) of the Career Compensation Act of 1949, 63 Stat. 802, 807, 808, 37 U.S.C.A. § 233, which provides, in part:

"Sec. 202. (a) Subject to the prosions of subsections (b), (c), and (d) of this section, in computing the cumulative years of service to be counted by members of the uniformed services for determining the amount of basic pay they are entitled to receive upon completion of such years of service, such members shall be credited with—

"(1) full time for all periods of active service as a commissioned officer, commissioned warrant officer, warrant officer, Army field clerk, flight officer, and enlisted person in any Regular or Reserve component of any of the uniformed services; and

"(2) full time for all periods during which they were enlisted or held appointments as commissioned officers, commissioned warrant officers, warrant officers, Army field clerks, or flight officers, in * * *

"(3) for commissioned officers in service on June 30, 1922, all service which was then counted in computing longevity pay, and service as a contract surgeon serving full time; and

*    *    *    *    *    *

"(6) all service which, under any provision of law in effect on the effective date of this section is authorized to be credited for the purpose of computing longevity pay."

It is plaintiff's contention that at the effective date of section 202 officers in the Coast Guard were entitled to count their cadet time at the Coast Guard Academy for longevity pay purposes, and that under subsection (6) this right has been continued.

Under the Act of June 10, 1922, 42 Stat. 625, 627, no service was to be counted, for pay purposes, in the case of officers appointed on and after July 1, 1922, except active commissioned service. This statute clearly would have prevented the inclusion of cadet time at any of the academies for longevity pay purposes in the case of officers commissioned on and after July 1, 1922. Subsequent statutory amendments enlarged the classes of service which could be counted for longevity pay purposes but none of them, so far as we know, included cadet time.

We have given particular consideration to three provisions of law dealing with longevity pay which were in force at the time of the effective date of section 202 of the Career Compensation Act of 1949, supra. The first of these, 14 U.S.C. § 467 (Supp. III 1946 Ed.), being part of title 14 of the United States Code which deals with the Coast Guard, reads as follows:

"In computing length of service of officers and enlisted personnel for any purpose all creditable service in the Army, Navy, Marine Corps, Air Force, Coast Guard, Revenue Cutter Service, and Life Saving Service

shall be included in addition to any other creditable service authorized by any other law."

The other two provisions of law both were amendments to the Pay Readjustment Act of 1942, 56 Stat. 359. The 1942 amendment, 56 Stat. 1037, 37 U.S.C. § 101 [1], provided in part:

" 'In computing the service for all pay purposes of officers paid under the provisions of this section [section 1 of the Pay Readjustment Act of 1942 which provided for the pay of officers, including Coast Guard officers], such officers shall be credited with full time for all periods during which they have held commissions as officers of * * * *Provided*, That for officers in service on June 30, 1922, there shall be included in the computation, in addition to the service set forth above, all service which was then counted in computing longevity pay, and service as a contract surgeon serving full time. Longevity pay for officers in any of the services mentioned in the title of this Act shall be based on the total of all service in any or all of said services which is authorized to be counted for longevity pay purposes under the provisions of this Act or as may otherwise be provided by law.' "

The relevant part of the 1944 amendment, 58 Stat. 729, 37 U.S.C. § 103a,[2] provided:

" 'In computing the service for all pay purposes of persons paid under the provisions of section 1, 3, 8, or 9 of this Act [The Pay Readjustment Act of 1942], such persons, in addition to the time required to be credited by the section under which they are paid, shall be credited with full time for all periods during which they were enlisted or held commissions as officers or held appointments as warrant officers or Army field clerks or as commissioned warrant officers in * * *.' "

Under the first of the last three quoted statutes, longevity pay in the Coast Guard was to be computed on the basis of "all creditable service". Since the meaning of this term is not without difficulty, we must look elsewhere to find its definition. In any event, we think that the three statutes must be read together in order to arrive at a correct computation of longevity pay at the time of the effective date of section 202 of the Career Compensation Act of 1949, supra.

■ A distinction is made in the statutes between officers in service on June 30, 1922, and those not in service on that date. The two acts last quoted above make clear that for officers not in service on June 30, 1922, cadet time at the Coast Guard Academy is not included among the classes of service enumerated. Such time would appear not to be creditable to such officers for longevity pay purposes.

It might be argued that the listing of classes of service was not intended to be inclusive and that time at the Coast Guard Academy was includible even though not expressly mentioned. Whatever the merit of this argument might be in other situations, we think it is clear that time spent at the Coast Guard Academy was not intended to be counted for longevity pay purposes under this statute. The Pay Readjustment Act of 1942, supra, had originally provided, in part:

"For officers appointed on and after July 1, 1922, no service shall be counted for purposes of pay except active commissioned service * *." 56 Stat. 360.

The conference committee report on this bill (page 13 of H.Rep. 2152, 77th Cong. 2d Sess. and to the same effect in H.Rep. 2226, 77th Cong.2d Sess.) stated:

"The first section of the House amendment added a provision pro-

---

**1.** Now 37 U.S.C.A. § 232.

**2.** Now 37 U.S.C.A. § 233.

viding that time spent at the United States Military Academy, United States Naval Academy, or the United States Coast Guard Academy by any officer who was appointed to either of such academies after August 24, 1912, should not be counted for the purpose of computing his length of service. Since this matter is already covered by existing laws with respect to the extent to which credit may be given for time spent at the academies and since such laws are not repealed by S. 2025, the conference agreement eliminates this provision."

The statutes in force at the time of the Career Compensation Act of 1949 were merely amendments of the Pay Readjustment Act of 1942. It is true that in amending the statute Congress changed the wording from "no service shall be counted * * * except" to " 'such officers shall be credited with' ". We cannot know definitely what was the intention of Congress in making this change of phraseology, but we feel certain, in view of the long-standing refusal of Congress to give longevity credit for time spent at the academies and in view of the above quoted statement from the committee report, that Congress did not intend credit for time spent at the Coast Guard Academy.

We conclude that at the effective date of section 202 of the Career Compensation Act of 1949 officers not in service on June 30, 1922, were not entitled to include time spent at the Coast Guard Academy for longevity pay purposes. There being no other basis in the statute for allowing such time for longevity pay to the plaintiff, he is not entitled to recover.

Plaintiff's motion is denied, defendant's motion is sustained, and the petition is dismissed.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.