Laramore, Judge,
delivered the opinion of the court:
Plaintiff, Mariano Maylas, a former enlisted man of the U.S. Navy was recalled to active duty from the Fleet *691 Eeserve during the World War II emergency period, and while so serving incurred a physical disability in line of duty of 20 percent which necessitated his being transferred to the retired list and returned to an inactive duty status. He seeks to recover increased disability retired pay computed under method (1) of section 402(d) of Title IY of the Career Compensation Act of 1949, 63 Stat. 802, 816, et seq., as authorized by sections 402 (f) and 411. The Department of the Navy has refused to grant the plaintiff such pay on the ground that he did not perform a full 20 years of active service, as required by section 412 of the Career Compensation Act, supra, and has declined to equate his more than 19 years and 6 months of active service to 20 years for these purposes.
The case arises on cross-motions for summary judgment and presents but one question; i.e., whether the pertinent sections of the Career Compensation Act, supra, require the completion of a full 20 years of active service before a member of the uniformed services becomes entitled to the benefits provided therein.
We are faced with no question respecting the facts in this case. Briefly plaintiff, after serving through successive terms of enlistment in the I7.S. Navy, was transferred to inactive duty in the Fleet Naval Eeserve on February 16, 1937, with credit for 17 years, 5 months, and 20 days of active service. He was recalled to active duty on June 6, 1941, and while so serving incurred a physical disability which the Secretary of the Navy determined to be 20 percent. Accordingly, plaintiff was released to an inactive duty status on July 15,1943, with credit for 19 years and 7 months of active service. Effective August 1, 1943, plaintiff was transferred to the retired list of the Eegular Navy in accordance with the pertinent statute.
Following passage of the Career Compensation Act of 1949, supra, plaintiff elected under the provisions of section 411 thereof to have his retired pay computed on the basis of his years of service. The Navy refused to give credit for more than 19 years and 7 months of active service. This suit resulted.
It is plaintiff’s claim that all sections of the Career Compensation Act, supra, should be recognized as being in pari■ *692 materia and should be read and considered together in determining plaintiff’s rights. The result of this, plaintiff contends, gives him entitlement to a full 20 years rather than the 19 years and 1 months of active service he actually performed.
Plaintiff’s contention is that his basic rights as a former member of the uniformed services who had been retired prior to October 1,1949 by reason of physical disability, and was entitled to receive retired pay, were controlled by section 411 of the Career Compensation Act, supra.[1] This section requires that his percentage of disability be determined in accordance with the provisions of section 402(b) (3) of the Act.[2]
Plaintiff then says that since the determination resulted in the assignment by the Secretary of the Navy of a disability rating of less than 30 percent, it is necessary to resort to the provisions of section 402(f)[3] for a further evaluation of his rights. Since section 402(f) makes further provision for persons whose disabilities are rated at less than 30 percent, and who have completed “at least 20 years of active service,” and since this section contains no definition of the word “years” or the term “active service,” plaintiff contends it is necessary to refer further to section 412 of the Act to deter *693 mine the type of service that constituted “active service” for the purposes of that section. He then argues that section 412 does not define the word “years.” Consequently, to determine what constitutes a “year” for the purposes of computing disability retired pay, it is necessary to refer back to another subsection of section 402 which preceded section 402(f); viz., section 402(d). Method (1) of section 402(d), supra, which plaintiff is seeking to utilize, provides that the amount of disability retired pay shall be determined by multiplying the monthly basic pay of the individual’s rating by “a number equal to the number of years of active service to which such member is entitled under the provisions of section 412 of this title, multiplied by 2% per centum, * * *.” This formula plaintiff says is further modified by the following proviso of section 402(d) :
* * * Provided, That for the purpose of the computation of (1) above, fractions of one-half year or more of active service shall be counted as a whole year: * * *.
As a result and when all the sections are read together, plaintiff says the conclusion is inescapable that Congress intended that the requirement of “at least 20 years of active service” is in reality satisfied by the performance of 19 years and 6 months of active service.
We fully agree with plaintiff that all sections of the Career Compensation Act, supra, should be read in pari ma-teria. However, we confine this concept to matters relating to the same subject. In other words, section 402(f) of the Act clearly requires that a member complete a full 20 years of active service to become eligible to receive retired pay. What plaintiff is seeking to do is to have the court apply section 402(d), which relates to computation of retired pay of members eligible and retired with 30 percent or more disability, to plaintiff who was retired with 20 percent disability. Clearly there is a distinction between computation of service for the purpose of determining eligibility to receive retired pay and service to be credited in the computation of retired pay. When several statutes or sections of one Act deal with eligibility they should be read together in order to arrive at the correct result. When several statutes or sections *694 of one Act deal with computation of retired pay they also should be read together to arrive at the correct result. See Williams v. United States, 136 Ct. Cl. 582. However, we are not permitted to comingle the various statutes or sections which deal with entirely different subjects and benefits and come up with the result urged by plaintiff.
The proviso contained in section 402(d), supra, on which plaintiff relies only provides credit for fractions of one-half year or more for computation of pay when retired with 30 percent or more disability. The proviso relied on by plaintiff has no relation to the section of the Career Compensation Act, supra, which provides the avenue for determining eligibility of a member retired with a disability of 20 percent. In other words, this proviso has reference only to computation of pay rather than eligibility.
Whenever Congress has intended that less than the service specified in a particular statute is creditable for either eligibility or computation of pay, or both, Congress has specifically so provided in the statute. For example, see amendments of the Naval Eeserve Act of 1938, 60 Stat. 993.
In our judgment the fact that plaintiff’s 19 years and 7 months of active service would count as 20 years of active service for computation of pay purposes under section 402(d) has no bearing on the specified “at least 20 years of service” required by section 402(f) before entitlement to such pay can be established.
Consequently, plaintiff’s motion for summary judgment is denied, and defendant’s cross-motion is granted. Plaintiff’s petition is dismissed.

 “Pursuant to such regulations as the President may prescribe, (1) any member or former member of the uniformed services heretofore retired by reason of physical disability and now receiving or entitled to receive retired or retirement pay; (2) any former member of the uniformed services heretofore granted or entitled to receive retirement pay for physical disability;. * * *, may elect, within the five-year period following the effective date of this title, (A) to qualify for disability retirement pay under the provisions of this Act and, dependent on his qualification, shall be entitled to receive either the disability retirement pay or the disability severance pay prescribed in this title; * * * or (B) to receive retired pay or retirement pay computed by one of the two methods contained in section 511 of this Act: * *

 “* * * (3) that such disability is 30 per centum or more in accordance with the standard schedule of rating disabilities in current use by the Veterans’ Administration; * *

 “(f) Notwithstanding the foregoing provisions of this section, any member of the uniformed services who shall have completed at least twenty years of active service as defined in section 412 of this title, and who is otherwise qualified to be retired for physical disability except that his disability is less than 30 per centum in accordance with the standard schedule of rating disabilities in current use by the Veterans’ Administration, shall be retired and shall be entitled to receive disability retirement pay as prescribed in subsection (d) of this section: Provided, That the provisions of this section shall not be interpreted to limit the application of any provisions of law relating to voluntary or involuntary retirement.”