**Michael J. JACOBS, Plaintiff-Appellant,**

v.

**The UNITED STATES and Commandant, U. S. Coast Guard, Admiral John B. Hayes, USCG and his successors, Defendants-Appellees.**

No. 81–4373.

United States Court of Appeals, Ninth Circuit.

Submitted April 19, 1982.

Decided June 25, 1982.

As Amended Sept. 23, 1982.

Michael J. Jacobs, pro se.

Wallace W. Weatherwax, U. S. Atty., Honolulu, Hawaii, for defendants-appellees.

· Before SCHROEDER, NELSON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Michael Jacobs, an officer in the United States Coast Guard, contends that the four years he spent as a cadet at the Coast Guard Academy should be counted in satisfying the 20 years of active service required for voluntary retirement under 14 U.S.C. § 291. After exhausting his administrative remedies,[1] Jacobs sought a declaratory

---

1. In *Linfors v. United States,* 673 F.2d 332 (11th Cir. 1982) (per curiam), a case involving the precise issue raised by Jacobs, the Eleventh Circuit held that the district court erred in addressing the merits of the case because the plaintiff had failed to exhaust his administrative remedies by not applying to the Coast Guard's Board for Correction of Military Records (BCMR) for a "correction" of his administrative record pursuant to 10 U.S.C. § 1552 and 33 C.F.R. § 52.05–5 (1980). Although the record in this case is silent as to whether Jacobs applied to the BCMR, it does reflect that the Coast Guard Commandant informed Jacobs that the denial of Jacobs' request for voluntary retirement was "[a]uthoritative and administratively final. . . ." Jacobs responded to this by writing the Commandant that "if any appeal is available from [your decision], I req[uest] this [message] be treated as appeal." Given the record before us and the fact that the Government has not raised an exhaustion-of-remedies issue at any stage of these proceedings, we proceed to the merits on the assumption that

judgment that he had completed 22 years of active service—four years as a Coast Guard Academy cadet and 18 years as a commissioned officer—and was therefore entitled to retire. On cross-motions for summary judgment, the district court held for the Government. We affirm.

The controlling question in this case is whether cadet time may be credited in computing length of service for retirement eligibility under 14 U.S.C. § 291.[2] The critical statute is 10 U.S.C. § 971(b).[3] Section 971(b) prohibits any officer of the Navy, Marine Corps, Army, or Air Force from counting "for any purpose" time spent as a cadet or midshipman (pre-commission status) in any of the service schools, including the Coast Guard Academy. Relying on the maxim *expressio unius est exclusio alterius*, Jacobs argues that because § 971(b) applies, on its face, to every branch of the armed services except the Coast Guard, Congress necessarily intended to allow Coast Guard officers to credit time spent as cadets at the Coast Guard Academy toward retirement eligibility.

The Government returns Jacobs' fire with its own canons of statutory construction. The Government's principal contention is that military benefit provisions should be construed to apply equally to all five branches of the military service unless Congress expressly indicates otherwise. The Government points out that Jacobs' position would be unfair both to officers in other services who attended a service school and to the many Coast Guard officers who did not attend a service school.

Because we find neither party's statutory construction arguments entirely persuasive, we turn to § 971(b)'s legislative history for guidance. *See Cass v. United States*, 417 U.S. 72, 78–79, 94 S.Ct. 2167, 2171, 40 L.Ed.2d 668 (1974) (legislative history used to interpret language of military benefit statute which appeared clear on "superficial examination"). Officers of the Army and Navy have been expressly prohibited since 1913 from counting cadet or midshipman time in computing length of service. *See* Act of August 24, 1912, Pub.L.No.338, ch. 391, 37 Stat. 594; Act of March 4, 1913, Pub.L.No.433, ch. 148, 37 Stat. 891. Congress found that the previous rule of counting cadet time "discriminat[ed] against the civilian appointee who pays for his own preliminary education and in favor of the graduate of the Military Academy who is educated for his commission at the expense of the Government." H.R.Rep.No.270, at 66, 62nd Cong.2d Sess. (1912) (discussed in *United States v. Noce*, 268 U.S. 613, 618, 45 S.Ct. 610, 611, 69 L.Ed. 1116 [1925]). The House Report notes that "this preposterous

Jacobs cleared all the requisite administrative hurdles before seeking relief in the district court.

2. 14 U.S.C. § 291 provides that a regular commissioned Coast Guard officer may retire upon completion of 20 years of "active service." Although Title 14 (pertaining to the Coast Guard) does not provide a definition of active service, the term is defined generally in Title 10 (pertaining to all the Armed Forces) to mean "service on active duty." 10 U.S.C. § 101(24). "Active duty" is, in turn, defined to mean "full-time duty in the active military service of the United States." 10 U.S.C. § 101(22). Subsection (22) further provides that "active duty" includes "attendance, while in the active military service, at a school designated as a service school...." We agree with the district court that, because of the phrase "while in the active military service," subsection (22) refers to education that takes place after an officer has been commissioned, and not, as Jacobs contends, before. Moreover, as evidenced by 10 U.S.C. § 971(b), the question of whether cadet time constitutes active service is not controlling here.

3. 10 U.S.C. § 971(b) provides that:
(b) In computing length of service for any purpose—
(1) no officer of the Navy or Marine Corps may be credited with service as a midshipman at the United States Naval Academy or as a cadet at the United States Military Academy, United States Air Force Academy, or United States Coast Guard Academy, if he was appointed as a midshipman or cadet after March 4, 1913; and
(2) no commissioned officer of the Army or Air Force may be credited with service as a midshipman at the United States Naval Academy or as a cadet at the United States Military Academy, United States Air Force Academy, or United States Coast Guard Academy, if he was appointed as a midshipman or cadet after August 24, 1912.

practice . . . of counting the period of cadet service in computing length of service . . . is as indefensible as it is illogical and unfair. . . ." Report at 65–66. Because the determination of creditable service for Coast Guard officers was expressly linked to that of Army officers from 1912 to 1920, Act of August 24, 1912, Pub.L.No.338, ch. 391, 37 Stat. 594, and similarly tied to that of Navy officers from 1920 to 1966, Act of May 18, 1920, Pub.L.No.210, 41 Stat. 601, 603 (1920), Coast Guard officers have traditionally been precluded from counting cadet time in calculating the length of service toward retirement.[4] In 1966, the specific statutory link between Navy and Coast Guard officers was repealed without explanation as part of an overall revision of Title 10. Act of Nov. 2, 1966, Pub.L.No.89–718, § 73, 80 Stat. 1115, 1124 (1967).

Jacobs' contention that Congress manifested its intention to change the longstanding practice of prohibiting Coast Guard officers from counting academy time by repealing 14 U.S.C. § 461(a), the "linkage" provision, is refuted by the legislative history accompanying the 1968 Act[5] which, *inter alia*, added subsection (b) to § 971. As noted in footnote 3, *supra*, and accompanying text, subsection (b) is the key provision regarding use of service school time in computing length of service. In its analysis of the first section of the Act, the Senate Armed Services Committee reported that:

The new section is also made applicable to the Coast Guard upon the recommendation of the General Counsel of the Treasury that "general military law applicable to the Armed Forces should also be applicable to the Coast Guard." Consequently, other sections of the bill generally applicable to the Army, Navy, Air Force and Marine Corps [such as section six containing the addition of subsection (b) to 10 U.S.C. § 971], have also been made applicable without further specific comment . . . to the Coast Guard.

S.Rep.No. 931, at 3, *reprinted in* [1967] U.S. Code Cong. & Ad.News 2635 at 2637 (bracketed material added).

We believe that this legislative history removes any vestige of doubt about the correctness of the government position. In light of the legislative history accompanying § 971(b) and its predecessor provisions, and the fact that the government's position promotes equality of treatment among the officers of all five branches of military service and is consistent with 70 years of uniform administrative practice, we hold that § 971(b) applies to Coast Guard officers to the same extent as it does to officers of the other service branches.

Our decision obviates the need to determine whether academy time may be counted in computing retirement pay under 14

4. In the Act of June 10, 1922, 42 Stat. 625, 627, Congress abolished academy credit to officers of all the services, including specifically the Coast Guard. That Act provided that officers appointed after July 1, 1922 could only count active commissioned service for purposes of pay. As noted in *Williams v. United States*, 136 Ct.Cl. 582, 584, 144 F.Supp. 948, 949 (Ct.Cl. 1956): "This statute clearly . . . prevented the inclusion of cadet time at any of the academies for longevity pay purposes. . . ." Congress acted on several subsequent occasions to prevent Coast Guard officers from counting cadet or midshipman service. *See* Act of May 28, 1924, Pub.L.No.152, ch. 203, 43 Stat. 182, 194; Act of February 11, 1925, Pub.L.No.398, ch. 209, 43 Stat. 861, 872. These laws were codified as 14 U.S.C. § 2a in the 1934, 1940, and 1946 versions of the United States Code. When Title 14 was recodified on August 4, 1949, however, § 2a was not retained. Nevertheless, the linkage between Coast Guard officers and Navy officers was retained as 14 U.S.C. § 461

in 1949. The specific prohibitions against officers from the non-Coast Guard service branches receiving credit for Academy time also survived, and were later combined with 10 U.S.C. § 8682 to become the current 10 U.S.C. § 971.

5. Act of Jan. 2, 1968, Pub.L.No.90–235, § 6(a)(1), 81 Stat. 753, 761. The "principal objective" of the Act was to make:

[T]itle 10 clear and simple by identifying (1) separate statutes applicable to different Armed Forces that could be consolidated in the General Military Law subtitle of title 10; (2) archaic provisions of law that have no current or foreseeable future application; and (3) variations in personnel laws for which there is no justification. The bill covers such subjects as . . . miscellaneous rights and benefits, . . . and periods of active duty.

S.Rep.No. 931, at 1, 90th Cong. 1st Sess. (1967), *reprinted in* [1967] U.S.Code Cong. & Ad.News at 2635.

U.S.C. § 423. Jacobs concedes that the retirement pay issue is controlled by the same considerations as the length-of-service issue under § 971(b).

The district court's decision is AFFIRMED.