**William Emmet DOUGHERTY,**
**Petitioner,**

v.

**Joseph H. CRABTREE, Warden of the**
**Federal Corrections Institution at**
**Sheridan, Oregon, Respondent.**

**Civ. No. 91–391–FR.**

United States District Court,
D. Oregon.

May 8, 1991.

Steven T. Wax, Federal Defender, Sandra Dixon, Asst. Federal Defender, Portland, OR, for petitioner.

Charles H. Turner, U.S. Atty., Kenneth C. Bauman, Asst. U.S. Atty., Portland, OR, for respondent.

## OPINION

FRYE, District Judge:

Petitioner, William Emmet Dougherty, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that his statutory and due process rights are being violated by the refusal of the respondent to credit as time served in custody the time he spent as a resident of the Alpha House, a residential treatment center, as a condition of his probationary sentence.

### FACTS

Dougherty was a resident of the Alpha House from June 4, 1984 until September 4, 1984 as a condition of his pretrial release. Dougherty has received credit for the time he spent at the Alpha House on pretrial release from June 4, 1984 until September 4, 1984 under 18 U.S.C. § 3568.

On September 4, 1984, Dougherty was sentenced in this court to two twelve-year sentences to be served concurrently for bank robbery and attempted bank robbery. Execution of the sentences was suspended, and Dougherty was placed on probation for five years subject to the special condition that he participate in the drug treatment program offered by the Alpha House until he was discharged by the program director. Dougherty was a resident of the Alpha House from September 5, 1984 until August 13, 1985 as a condition of his probation.

On August 13, 1985, a warrant was issued to show cause why Dougherty's probation should not be revoked because he was terminated from the Alpha House program after two urinalysis tests showed drug use. On October 9, 1985, this court revoked Dougherty's probationary sentence and reinstated the two concurrent twelve-year prison sentences.

From 1985 through 1990, Dougherty made unsuccessful judicial and administrative attempts to receive credit against his prison sentence for the time he had spent at the Alpha House while on probation pursuant to 18 U.S.C. § 3568. On January 23, 1990, the Ninth Circuit ruled in *Brown v. Rison*, 895 F.2d 533 (9th Cir.1990), that time spent in a residential treatment center may be within the definition of "in custody" pursuant to section 3568. Since *Brown*, this court has allowed as a credit against a prison sentence any time spent at the Alpha House under section 3568.

According to the Sentence Monitoring Computation Data issued by the Federal Correctional Institution at Sheridan, Oregon, Dougherty's sentence expires on January 3, 1997; Dougherty's presumptive parole date is October 31, 1991; and Dougherty's mandatory release date is May 2, 1992.

### CONTENTIONS OF THE PARTIES

Dougherty seeks an order of the court requiring the Bureau of Prisons to credit his prison sentence with the time he spent at the Alpha House from September 5, 1984 until August 13, 1985 as a condition of his probation. Dougherty argues that 18 U.S.C. § 3568 grants credit for any time

served in custody, and *Brown* requires that he receive credit for the time he spent "in custody" at the Alpha House.

The respondent contends that Dougherty's petition for a writ of habeas corpus should be denied because Dougherty has failed to exhaust his administrative remedies; that the *Brown* case applies to time served prior to the imposition of sentence; and that the recent case of *United States v. Freeman*, 922 F.2d 1393 (9th Cir.1991), requires a different result from the result compelled by *Brown*.

### ANALYSIS AND RULING

■ The law in this district since *Brown* is that the Bureau of Prisons must grant to a prisoner credit for any time he has spent in residence at the Alpha House prior to the time he is sentenced. Section 3568, which applies to Dougherty since he committed crimes prior to November 1, 1987 when section 3568 was repealed, stated: "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

The time Dougherty spent at the Alpha House was time spent "in custody" in connection with the crimes of bank robbery and attempted bank robbery for which his sentences were imposed. Section 3568 states that credit shall be given for "any" days spent in custody and provides no basis to distinguish between time spent in custody prior to the time of sentencing and time spent in custody while on probation as a condition of the sentence imposed. The critical determination is whether the time Dougherty resided in the Alpha House is time spent in custody. The *Brown* case has resolved that issue in Dougherty's favor.

*United States v. Freeman* does not require a different result. The defendant in *Freeman* was free on bail and "subject to minimal supervision by the office of pretrial probation," 922 F.2d at 1394, during the time for which he was seeking credit toward service of his jail sentence under section 3568. Since the defendant in *Free-*

*man* was not in custody, the court concluded that the *Brown* case was not applicable. While the court stated that "[t]his circuit has yet to grant credit for time served on pretrial *probation*," 922 F.2d at 1397 (emphasis in original), *Freeman* did not involve a custodial situation and therefore has no application to this case.

On the facts presented to this court, Dougherty is entitled to an order that the Bureau of Prisons credit toward his prison sentence the time he lived at the Alpha House while he was on probation, which was from September 5, 1984 until August 13, 1985.

The only issue remaining is whether the petition for a writ of habeas corpus should be denied notwithstanding its merits on the ground that the Dougherty has failed to exhaust his administrative remedies.

■ "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown* at 535. Therefore, failure to exhaust administrative remedies does not divest this court of jurisdiction in this habeas corpus case. *Id.* The district court has discretion to decide whether to excuse the failure to exhaust remedies and to reach the merits, or to require a petitioner to perfect the exhaustion of administrative remedies before proceeding in court. *Id.* Dougherty has personally and through counsel initiated formal requests to the respondent to allow credit for the time he resided at the Alpha House. Those requests have been denied.

The court concludes that it would be futile to require Dougherty to make further administrative efforts. More persuasively, in this case, Dougherty may be entitled to some immediate relief. While the general rule that a petitioner must exhaust administrative remedies will be waived in this case, the court will continue to apply this rule except when unique circumstances require its waiver.

### CONCLUSION

Dougherty's petition for a writ of habeas corpus is granted.

**1092**

The respondent is hereby ordered pursuant to the provisions of 18 U.S.C. § 3568 to credit Dougherty's sentence with time spent in custody at the Alpha House from September 5, 1984 to August 13, 1985.

The respondent is hereby ordered to immediately notify the United States Parole Commission of this credit and to request an immediate correction of Dougherty's presumptive parole and mandatory release dates.

The respondent is hereby ordered to take any further action to which Dougherty is entitled pursuant to routine parole pre-release and mandatory release programs in order to prevent any irreparable harm to Dougherty.

### ORDER

IT IS HEREBY ORDERED that:

1) the petition for a writ of habeas corpus filed by William Emmet Dougherty is GRANTED;

2) the respondent is ordered pursuant to the provisions of 18 U.S.C. § 3568 to credit Dougherty's sentence with time spent in custody at the Alpha House from September 5, 1984 to August 13, 1985;

3) the respondent is ordered to immediately notify the United States Parole Commission of this credit and to request an immediate correction of Dougherty's presumptive parole and mandatory release dates; and

4) the respondent is ordered to take any further action to which Dougherty is entitled pursuant to routine parole pre-release and mandatory release programs in order to prevent any irreparable harm to Dougherty.