**Bruce DOWNEY, Petitioner,**

v.

**Joseph CRABTREE, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.**

**Civil No. CV 95–1801–HA.**

United States District Court, D. Oregon.

Feb. 22, 1996.

Stephen R. Sady, Federal Public Defender, Portland, Oregon, for Plaintiff.

Kristine Olson, United States Attorney, District of Oregon, Kenneth C. Bauman, Assistant United States Attorney, Portland, Oregon, for Defendant.

OPINION

HAGGERTY, District Judge:

The petitioner, Bruce Duane Downey, is an inmate at the Federal Correctional Facility at Sheridan, Oregon. The respondent, Joseph H. Crabtree, is the warden of Federal Correctional Institute at Sheridan, Oregon and is therefore inmate Downey's custodian and the proper respondent in this action.

The petitioner asserts that his statutory and due process rights are being violated by the Bureau of Prison's revocation of his eligibility for reduction of his period of custody under 18 U.S.C. § 3621(e).

### ANALYSIS

For the following reasons, this court concludes that petitioner is entitled to a reduction. Petitioner alleges that since he has completed the residential drug and alcohol treatment program authorized under 18 U.S.C. § 3621(b), he should have his guideline sentence reduced by one year as authorized under 18 U.S.C. § 3621(e)(2)(B). The Bureau of Prisons (BOP) has refused to give petitioner such a reduction pursuant to its Program Statement 5330.10, (drug abuse program's inmate manual, May 25, 1995), and Program Statement 5162.02, (definition of "crimes of violence", July 24, 1995).

1. *Exhaustion of Administrative Remedies*

■ Respondent contends that petitioner's request should be denied on grounds that he has failed to exhaust his administrative remedies. Petitioner asserts that if he were to pursue his administrative remedies, it would be futile. Petitioner relies on *Dougherty v. Crabtree,* 812 F.Supp. 1089 (D.Or.1991), *affirmed* 981 F.2d 1258 (9th Cir.1992). The District Court stated:

> 'The requirement that federal prisoners exhaust administrative remedies before filing a habeas Corpus petition was judicially created; it is not a statutory requirement.' Therefore, failure to exhaust administrative remedies does not divest this court of jurisdiction in this habeas corpus case.

*Id.* at 1091, quoting *Brown v. Rison,* 895 F.2d 533, 535 (9th Cir.1990).

This court finds that it would be futile to require petitioner to make further administrative efforts.

2. *Eligibility*

■ There is no dispute that petitioner has successfully completed a residential drug abuse treatment program and received the requisite certificate. The BOP has denied petitioner's request for the one year guideline reduction after determining that petitioner had been convicted of a "crime of violence." Petitioner was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). The Ninth Circuit, on numerous occasions, has held that such a violation is not a conviction of a crime of violence. *See United States v. Arrellano–Rios,* 799 F.2d 520 (9th Cir.1986). Respondent argues that decisional case law is inapplicable here because the BOP is carrying out a rehabilitative program authorized by Congress and that therefore, the court should give deference to their definition. Congress, however, used the term "convicted of a nonviolent offense" without defining the term. This court believes that the categorical approach approved by the Ninth Circuit is the proper way to interpret the language. *See United States v. Amparo,* 68 F.3d 1222, 1224 (9th Cir.1995); *United States v. Canon,* 993 F.2d 1439, 1441 (9th Cir.1993).

In *Canon,* the BOP had used the enhancement for the possession of a weapon during a drug trafficking offense as a basis to deny petitioner's eligibility. The Ninth Circuit specifically held that possession of a firearm by a felon is not a "crime of violence" under § 924(c).

### CONCLUSION

Based on the foregoing, I find that petitioner is eligible for the one year reduction in his guideline sentence. I hereby direct the Bureau of Prisons to give him such credit. Accordingly, petitioner's Petition for Writ of Habeas Corpus is granted.