OPINION
 

 ANNE E. THOMPSON, Chief Judge.
 

 This matter is before the Court on Daniel Piccolo’s petition for a writ of habeas corpus. Petitioner is incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey. As the proper respondent in a habeas corpus petition is the warden of the institution where the petitioner is housed, the Court will
 
 sua sponte
 
 substitute Douglas Lansing, Warden of the Federal Correctional Institution at Fort Dix, New Jersey, as the respondent in this action. The Court considered this matter without oral argument.
 

 Background
 

 On June 29, 1993 petitioner, a convicted felon, was arrested for possession of a .25 caliber semi-automatic handgun and a .9 millimeter semi-automatic handgun which had been modified to fire as a fully automatic weapon. Petitioner pled guilty to a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On September 8,1994 petitioner was sentenced to a term of thirty seven months incarceration and three years supervised release. ■ His anticipated release date, including time off for good conduct, is May 10,1997.
 

 On November 20,1995 petitioner instituted this action by filing a complaint pursuant to 28 U.S.C. § 1331, alleging that the defendants improperly denied him a reduction in
 
 *320
 
 his sentence and seeking declaratory relief. In particular, he asserts that he is entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B) for successful completion of a residential drug treatment program. By order dated May 20, 1996, the Court ordered that the complaint be construed as a petition for a writ of habeas corpus.
 

 Discussion
 

 Pursuant to 18 U.S.C. § 3621(e)(2)(B), “The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.” Petitioner completed a residential drug treatment program on March 8, 1996. However, the Bureau of Prisons has denied his request for a reduction in his sentence on the grounds that the Bureau does not consider his offense to be a nonviolent offense.
 
 See
 
 Declaration of Alberto Munguia ¶ 5; Declaration of David DeFrancesco ¶ 5. Petitioner argues that his offense should be considered a nonviolent offense.
 

 Neither Congress nor the Bureau of Prisons has expressly defined “nonviolent offense” as used in 18 U.S.C. § 3621(e)(2)(B). However, the Bureau of Prisons has described the term by reference to the definition of “crime of violence as defined in 18 U.S.C. § 924(c)(3).”
 
 See
 
 28 C.F.R. § 550.58. 18 U.S.C. § 924(c)(3) defines “crime of violence” as:
 

 an offense that is a felony and—
 

 (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 

 (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 

 In addition, the Bureau of Prisons has issued Program Statement 5162.02 which lists numerous statutory offenses and categorizes them as either crimes of violence in all cases or crimes of violence depending on the facts in a particular case. Violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm, are listed as crimes of violence in all eases.
 

 A district court in the Ninth Circuit has held that the Bureau of Prisons has adopted 18 U.S.C. § 924(c)(3) as the definition of crime of violence, and that in doing so the Bureau is bound by the Ninth Circuit’s interpretation of the statute.
 
 See Davis v. Crabtree,
 
 923 F.Supp. 166 (D.Ore.1996);
 
 Hines v. Crabtree,
 
 935 F.Supp. 1104 (D.Ore., 1996). As the Ninth Circuit has held that possession of a weapon by a felon is not a crime of violence under 18 U.S.C. § 924(c)(3),
 
 see United States v. Canon,
 
 993 F.2d 1439, 1441 (9th Cir.1993), the district court has concluded that the Bureau of Prisons lacks authority to exclude violations of 18 U.S.C. § 922(g)(1) from the definition of nonviolent offense.
 
 See Davis,
 
 923 F.Supp. at 167;
 
 Hines,
 
 935 F.Supp. at 1108;
 
 but see Sesler v. Pitzer,
 
 926 F.Supp. 130 (D.Minn.1996).
 

 The Third Circuit has not decided whether possession of a weapon by a felon is a crime of violence under 18 U.S.C. § 924(c)(3). Moreover, the Third Circuit has interpreted similar definitions of “crime of violence” as potentially including possession of a weapon by a felon, depending on the circumstances of the particular offense.
 
 See United States v. Joshua,
 
 976 F.2d 844, 853 (3d Cir.1992). The easelaw in this Circuit therefore does not compel the conclusion that the district court reached in
 
 Davis
 
 and
 
 Hines.
 

 In addition, we disagree with that court’s interpretation of the Bureau of Prison’s regulations. 28 C.F.R. § 550.58 does not define “nonviolent offense” as any offense other than “crimes of violence” under 18 U.S.C. § 924(c)(3). Rather, the regulation simply lists “inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)” among a number of categories of inmates who are not eligible for a reduction in sentence. We therefore conclude that the Bureau of Prison’s determination that felon in possession of a weapon is not a “nonviolent offense” under 18 U.S.C. § 3621(e)(2)(B) is within the discretion Con
 
 *321
 
 gress gave the Bureau for the administration of the residential treatment program.
 
 See Reno v. Koray,
 
 — U.S.-,-, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995).
 

 In addition, we note that the Bureau’s denial of a sentence reduction does not deprive petitioner of a liberty interest cognizable under the Due Process clause. The terms of 18 U.S.C. § 3621(e)(2)(B) only state that a sentence “may be reduced by the Bureau of Prisons.” Such language does not create a liberty interest, and the Bureau’s denial of a reduction is not a “dramatic departure from the basic conditions” of petitioner’s sentence.
 
 See Sandin v. Conner,
 
 — U.S.-,-, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995).
 

 Conclusion
 

 For the foregoing reasons, the Court will deny petitioner’s application for a writ of habeas corpus. An appropriate order will be filed herewith.
 

 ORDER
 

 For the reasons set forth in this Court’s opinion filed even date herewith;
 

 It is on this 15th day of August, 1996;
 

 ORDERED that Douglas Lansing be and hereby is substituted as the sole respondent in this matter; and it is further,
 

 ORDERED that Daniel Piccolo’s petition for a writ of habeas corpus be and hereby is DENIED and this case is hereby CLOSED.