**Eugene CAMPER, Petitioner,**

v.

**Michael BENOV, Warden, Respondent.**

**No. CV 96–4743–RC.**

United States District Court,
C.D. California.

May 29, 1997.

---

5. Plaintiff's Complaint was filed on July 1, 1996.

Eugene Camper, San Pedro, CA, pro se.

Brent Whittlesey, Assistant U.S. Attorney, Central District of California, Los Angeles, CA, for Defendant.

## MEMORANDUM DECISION AND ORDER

CHAPMAN, United States Magistrate Judge.

On July 8, 1996, petitioner Eugene Camper, then a federal prisoner incarcerated by the Bureau of Prisons ("BOP") at the Federal Correctional Institution at Terminal Island, California ("FCI Terminal Island"), filed the instant habeas corpus petition challenging the BOP's determination that he was not eligible for early or advanced release even though he had completed a substance abuse program. The petitioner does not challenge his criminal conviction or his sentence, as modified. The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

■ On March 24, 1997, the petitioner was released from FCI Terminal Island to the Gateways Community Correction Center in Los Angeles.[1] Government's Memorandum Regarding Status of Briefing, 2:1–3.

---

1. Even though the petitioner has been released from prison, his claim is not moot; if the petitioner's "term of imprisonment is reduced by one year, his supervised release would have commenced one year earlier." *Sesler v. Pitzer*, 110 F.3d 569, 571 (8th Cir.1997). Thus, if the petitioner's claim is successful, he will be entitled to a one-year reduction of his term of supervised release. *Id.* at 571; *See also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (1993) (holding that, even though the prisoner had completed her term of imprisonment and been re-

## BACKGROUND

On March 28, 1994, the petitioner pleaded guilty to one count of trafficking in, and causing another to traffic in, a counterfeit accessing device, in violation of 18 U.S.C. § 1029(a)(1).[2] District Judge Harry L. Hupp sentenced the petitioner to seventy-one months in prison, fined him $50,050.00, and ordered him to make restitution payments in the amount of $74,603.35.

The petitioner appealed his sentence to the Ninth Circuit Court of Appeals, which, on September 18, 1995, determined that the prosecution had breached its plea agreement with the petitioner by requesting an upward departure from the Sentencing Guidelines despite the plea agreement specifically providing that no upward departure would be requested. *United States v. Camper*, 66 F.3d 229, 232–33 (9th Cir.1995). The matter was then remanded for resentencing before a different judge. *Id.* On January 22, 1996, District Judge George H. King reduced the petitioner's sentence to fifty-seven months imprisonment; however, neither the fine nor the restitution were affected by the order.

On December 8, 1995, while imprisoned at FCI Terminal Island, the petitioner completed a 500–hour residential substance abuse program. Return, Exh. B. However, despite completion of the drug abuse program, the BOP determined that the petitioner was ineligible for early or advance release because of a prior state robbery conviction in July, 1964.[3] *Id.* The HOP further found that the petitioner's current conviction for "credit card fraud" was not a crime of violence that would disqualify him from receiving a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *Id.*

## DISCUSSION

### I

Federal prisoners are generally required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court. *Fraley*, 1 F.3d at 925; *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir.1986); *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.1983). The BOP has established an administrative procedure by which an inmate may seek review of any aspect of imprisonment. *See* 28 C.F.R. §§ 542.10–542.19; *See also Nigro v. Sullivan*, 40 F.3d 990, 992 (9th Cir.1994) (detailing the administrative procedure established by the BOP).

Here, the petitioner does not claim that he has exhausted the requisite administrative remedies; rather, he contends that it would be futile to require him to make further administrative effort.[4] "Exhaustion is not required if pursuing those remedies would be futile." *Fraley*, 1 F.3d at 925; *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir.1991). In *Fraley*, the Ninth Circuit found that further exhaustion of administrative remedies would have been futile when the petitioner's request for an administrative remedy was denied pursuant to an official BOP policy. *Fraley*, 1 F.3d at 925. When the BOP denied the petitioner an early or

---

leased, her appeal was not moot "because our decision could affect her two-year term of supervised release").

2. Pursuant to FED. R. EVID. 201, this Court takes judicial notice of all records in *United States v. Camper*, Case No. CR 93–732–HLH.

3. Pursuant to this Court's request for a judgment or other first-hand proof of the petitioner's 1964 robbery conviction, the respondents submitted a Presentence Investigative Report stating that, "[a]ccording to [Kansas City Police Department] records, on July 24, 1964, the defendant was convicted of first degree robbery and sentenced to one to five years in state prison. Due to the age of this arrest, court records are no longer available." Government's Response to Court's Order Regarding Documents ("Response"), Exh. G. The petitioner does not contest his robbery conviction; instead, in his habeas corpus petition, he acknowledges that he was convicted of robbery in July 1964. Petition at 4:1.

4. The respondent does not raise the defense of failure to exhaust administrative remedies. Thus, absent the petitioner's tacit admission that he has not exhausted his administrative remedies, this Court usually would address the merits of the pending petition without further addressing the exhaustion issue. *See Jacobs v. United States*, 680 F.2d 88, 89 & n. 1 (9th Cir.1982) (assuming that since the government had not raised an exhaustion-of-remedies issue, the petitioner had "cleared all the requisite administrative hurdles before seeking relief in the district court").

advance release, it cited its official policy, BOP Program Statement 5330.10. Thus, because any subsequent administrative reviews certainly would have been denied under the same official policy, the further exhaustion of administrative remedies would have been futile. *Id.; Hines v. Crabtree,* 935 F.Supp. 1104, 1107 (D.Or.1996); *Downey v. Crabtree,* 923 F.Supp. 164, 165 (D.Or.), *aff'd on appeal,* 100 F.3d 662 (9th Cir.1996).

## II

On September 13, 1994, Congress passed the Violent Crime Control and Law Enforcement Act of 1994 ("Act"), which, *inter alia,* directed the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to obtain treatment while in custody, Congress provided that "[t]he period a prisoner **convicted of a nonviolent offense** remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added).

On May 25, 1995, the BOP promulgated a regulation, 28 C.F.R. § 550.58, to implement the Act and establish the specific criteria for sentence reductions under 18 U.S.C. § 3621(e)(2)(B).[5] *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir.(Or.)). The regulation provided, in pertinent part, that the following categories of inmates were not eligible for early release: inmates whose "current offense is determined to be a crime of violence as defined in 18 U.S.C. 924(c)(3), [or] inmate[s who have] a prior federal and/or state conviction for homicide, forcible rape, **robbery,** or ag-

gravated assault." 28 C.F.R. § 550.58 (1995) (emphasis added).

Here, the petitioner seeks a one-year sentence reduction under Section 3621(e)(2)(B), arguing that the regulation, Section § 550.58, conflicts with its enabling statute, 18 U.S.C. § 3621(e)(2)(B), and also violates due process.[6] Thus, this Court must determine whether the BOP's exclusion from eligibility for early release of an inmate with a prior state conviction for robbery conflicts with Section 3621 and violates due process.

"When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; ... [but], if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984); *Queen of Angels/Hollywood Presbyterian Medical Center v. Shalala,* 65 F.3d 1472, 1477 (9th Cir.1995); *Tovar v. United States Postal Service,* 3 F.3d 1271, 1276 (9th Cir.1993).

Congress defined several terms in Section 3621(e)(2)(B), but it did not define the term "convicted of a nonviolent offense." *Downey,* 100 F.3d at 666; *Sesler,* 110 F.3d at 571. Furthermore, the legislative history of Section 3621(e)(2)(B) sheds no light on the meaning of the term "convicted of a nonviolent offense." Thus, Congress has not directly spoken on the question at issue. Therefore, it is necessary to determine whether the BOP's policy and regulation that inmates with certain prior convictions are ineligible for early release despite the completion of a

---

**5.** The regulation, 28 C.F.R. § 550.58, was amended on May 17, 1996; however, the changes have no substantial effect on the issues in this action.

**6.** Although the petitioner raises the specter of a due process violation, nowhere in his petition does he elaborate on this point. Rather, the petitioner's habeas corpus petition focuses solely

on the alleged violation of the federal statute, 18 U.S.C. § 3621(e)(2)(B). Thus, the petitioner's due process claim is conclusory and without merit. *Jones v. Gomez,* 66 F.3d 199, 204 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1437, 134 L.Ed.2d 559 (1996); *James v. Borg,* 24 F.3d 20, 26 (9th Cir.), *cert. denied,* 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994).

substance abuse program is a reasonable interpretation of the term "convicted of a nonviolent offense." *Chevron,* 467 U.S. at 844, 104 S.Ct. at 2782.

The BOP's rationale for adopting Section § 550.58 is as follows:

> In exercising the Bureau [of Prison's] discretion in reducing a sentence, the Bureau shall also review the criminal history of the inmate contained in the Presentence Investigation Report, and any inmate with a federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault shall also be excluded from consideration. Because state convictions may show a considerable range in the degree of violence used in the offense, the Bureau has chosen to use the above cited categories of crimes, which are reported under the FBI Violent Crime Index, as the sole determinant of violence in the criminal history.

60 Fed.Reg. 27692 (1995). Thus, in excluding from early or advance release those inmates previously convicted of homicide, forcible rape, robbery, and aggravated assault, the BOP was attempting to limit eligibility to inmates whose prior offenses were not under the FBI's Violent Crime Index, thereby allowing consistent national application of its criteria and avoiding practical problems with differing state definitions of certain crimes.

■■■ The BOP "has broad discretion over the entire drug-treatment process within the federal corrections system." *Downey,* 100 F.3d at 666; *Davis v. Crabtree,* 109 F.3d 566, 568 (9th Cir.1997). Because Congress, which invested broad discretion in the BOP, did not give the BOP direction whether an inmate's prior convictions are relevant for determining whether he was "convicted of a nonviolent offense," and since Section 550.58 effectuates the Congressional purpose of limiting early release to nonviolent offenders, this Court finds that Section § 550.58 is not in conflict with 18 U.S.C. § 3621(e)(2)(B) and is reasonable.

### III

The petitioner also generally asserts that "the categorical approach approved by the Ninth Circuit is the proper way to interpret the ['convicted of a nonviolent offense'] language." Petition, at 4 (citing *United States v. Amparo,* 68 F.3d 1222, 1224 (9th Cir.1995) and *United States v. Canon,* 993 F.2d 1439, 1441 (9th Cir.1993)). This argument does not avail the petitioner.

■■■ The Ninth Circuit has adopted a categorical approach to defining the term "crime of violence" under 18 U.S.C. § 924(c)(3). *Amparo,* 68 F.3d at 1226. This approach generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense. *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990); *Davis,* 109 F.3d at 569; *Downey,* 100 F.3d at 670. The Ninth Circuit has applied this categorical approach to the BOP's interpretation of Section 3621(e)(2)(B) when analyzing an early release denial based on the petitioner's current offense. *Davis,* 109 F.3d at 569; *Downey,* 100 F.3d at 669–70; *Cf.* 28 C.F.R. § 550.58 (inmates are ineligible whose "current conviction is … a crime of violence as defined in 18 U.S.C. § 924(c)(3)").

However, the BOP's regulation, Section 550.58, does not rely on 18 U.S.C. § 924(c)(3) when addressing prior criminal convictions. Rather, Section 550.58, by its language, applies a "categorical approach" to prior convictions, specifically excluding from eligibility all inmates who have prior convictions for homicide, forcible rape, robbery, or aggravated assault.

Finally, the petitioner's approach also fails because "[r]obbery indisputably qualifies as a crime of violence" under 18 U.S.C. § 924(c)(3). *United States v. Mendez,* 992 F.2d 1488, 1490 (9th Cir.), *cert. denied,* 510 U.S. 896, 114 S.Ct. 262, 126 L.Ed.2d 214 (1993); *See also United States v. Borrayo,* 898 F.2d 91, 94 (9th Cir.1989) (noting that Sentencing Guidelines § 4B1.2 commentary reflects that robbery is a crime of violence). Thus, the petitioner's reliance on a "categorical approach" is to no avail.

### ORDER

IT IS ORDERED that Judgment be entered denying the petition for writ of habeas

corpus and dismissing the action with prejudice.