**Shawn PARSONS, Petitioner,**

v.

**Percy PITZER, Warden, FCI– Oxford, Respondent.**

**No. 97–C–57–C.**

United States District Court, W.D. Wisconsin.

March 13, 1997.

Shawn Parsons, Oxford, WI, for Shawn Parsons.

### ORDER

CRABB, District Judge.

This is a petition for a writ of habeas corpus. Petitioner Shawn Parsons, an inmate at the Federal Correctional Institution in Oxford, Wisconsin, claims that he is in custody in violation of the laws or Constitution of the United States. 28 U.S.C. § 2241. Petitioner has exhausted his available administrative remedies and paid the $5 filing fee.

In support of his petition, petitioner avers the following.

### Facts

On May 6, 1994, petitioner was sentenced to 70 months' incarceration after being convicted under 18 U.S.C. § 922(g) for being a felon in possession of a firearm. While in custody, petitioner enrolled in a comprehensive drug and alcohol treatment program sponsored by the Bureau of Prisons. Petitioner requested a determination of early

release eligibility under 18 U.S.C. § 3621(e) based on his participation in the treatment program. The Bureau of Prisons determined that petitioner was not eligible for early release because he had been convicted of a violent offense. The bureau excludes all inmates convicted under 18 U.S.C. § 922(g) from the early release provisions of 18 U.S.C. § 3621(e). Inmates who are confined in or have completed a drug and alcohol treatment program in a federal prison located in the Ninth Judicial Circuit are treated differently in some respects from inmates in other judicial circuits.

## OPINION

As part of the Violent Crime Control and Law Enforcement Act of 1994, Congress enacted the following provision:

> Period of Custody. The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). After enactment of § 3621, the Bureau of Prisons established regulations that set forth procedures governing drug abuse treatment programs. 28 C.F.R. § 550.50–.60. Section 550.58 provides:

> An inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months ... unless the inmate is an INS detainee, a pretrial inmate, a contractual boarder (for example, a D.C., State, or military inmate), or eligible for parole, or unless the inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3), or unless the inmate has a prior federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault.

Another regulation, Bureau of Prisons Program Statement 5162.02, lists a number of statutory offenses and categorizes them as either 1) crimes of violence in all cases or 2) crimes of violence depending on the facts of a particular case. Violations of 18 U.S.C. § 922(g), felon-in-possession of a firearm, are listed in Program Statement 5162.02 as crimes of violence in all cases. Like 28 C.F.R. § 550.58, Program Statement 5162.02 refers specifically to 18 U.S.C. § 924(c)(3) as the statutory definition on which the bureau has based its categorization of certain offenses as crimes of violence.

Under 18 U.S.C. § 924(c)(3), the term "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

■ I understand petitioner to be contending that the Bureau of Prisons has exceeded the authority delegated to it by Congress under 18 U.S.C. § 3621 by determining that an inmate convicted of being a felon-in-possession of a firearm may never be an inmate "convicted of a nonviolent offense." Petitioner argues that possession of a firearm by a felon, § 922(g), does not constitute a crime of violence under § 924(c)(3) and therefore should not be included on the list of offenses that are always crimes of violence in Program Statement 5162.02.

At least one federal agency has reached a determination in direct opposition to the Bureau of Prison's determination that the felon-in-possession offense always constitutes a crime of violence. In commentary to § 4B1.2 of the federal sentencing guidelines, the career offender provision, the United States Sentencing Commission states expressly that it does not consider the felon-in-possession offense to be a crime of violence. Relying on this agency determination, the United States Supreme Court has held that federal courts cannot use the felon-in-possession offense as a predicate crime of violence in applying § 4B 1.2. *Stinson v. United States,* 508 U.S. 36, 47, 113 S.Ct. 1913, 1920, 123 L.Ed.2d 598 (1993). *Stinson* does not mean necessarily that the Bureau of Prisons cannot define the felon-in-possession offense as a crime of violence for purposes of 18

U.S.C. § 3621 and 28 C.F.R. § 550.58. In *Stinson,* the court did not decide the proper manner in which to categorize the felon-in-possession offense. It held merely that principles of agency deference supported the validity of the Sentencing Commission's action. The Bureau of Prisons is not the Sentencing Commission and can set its own definitions of key terms to the extent that it does not exceed the authority delegated to it by Congress.

Petitioner has an uphill battle in arguing that the Bureau of Prisons exceeded its delegated authority in deciding that all felon-in-possession offenses constitute crimes of violence and are thereby never "nonviolent offenses." *See Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984) (court must defer to agency's interpretation of statute if it is "permissible construction" of statute). Whatever arguments one could marshal against putting all felon-in-possession convictions into the crime of violence category, I cannot say that the Bureau of Prisons acted unreasonably in doing so. *See Stinson,* 508 U.S. at 39 n. 1, 113 S.Ct. at 1916 n. 1 (citing circuit court decisions finding felon-in-possession offenses to be crimes of violence). There is some truth to the proposition that a felon carrying a firearm always creates a substantial risk of physical violence, even if the Court of Appeals for the Seventh Circuit thinks that level of truth is minimal. *See United States v. Alvarez,* 914 F.2d 915, 918 (7th Cir.1990) ("Despite the obvious dangers of convicted felons possessing firearms, it is quite a stretch to contend that simple possession alone constitutes a crime of violence.").

The Court of Appeals for the Seventh Circuit has never determined whether felon-in-possession constitutes a crime of violence under 18 U.S.C. § 924(c)(3), the statute that the Bureau of Prisons relies upon for its definition of crime of violence. Thus, the Bureau of Prisons cannot be bound by an explicit determination by the Seventh Circuit about how felon-in-possession offenses fit into the § 924(c)(3) definition of crime of violence. *Cf. Davis v. Crabtree,* 923 F.Supp. 166, 167 (D.Or.1996) (Bureau of Prisons

bound by Ninth Circuit's determination in *United States v. Canon,* 993 F.2d 1439, 1441 (9th Cir.1993) that felon-in-possession of firearm is not a crime of violence); *but see Piccolo v. Lansing,* 939 F.Supp. 319 (D.N.J. 1996) (Bureau of Prisons not bound by Third Circuit precedent because Third Circuit had not decided whether felon-in-possession was crime of violence under § 924(c)(3)).

Petitioner has raised an equal protection claim also. Petitioner's claim is based on the Bureau of Prisons' application of *Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996), a case in which the Court of Appeals for the Ninth Circuit held that the Bureau of Prisons could not rely on a firearms possession sentence enhancement for purposes of determining whether an inmate had been convicted of a "nonviolent offense" as defined by § 3621(e)(2)(B). In response to *Downey,* the Bureau of Prisons issued an Operations Memorandum dated December 24, 1996, that implements the Ninth Circuit's decision but only for those inmates in the Ninth Circuit. Petitioner contends that the Bureau of Prisons' differential treatment of inmates in the Ninth Circuit violates his right to equal protection of the laws.

The facts alleged by petitioner show that *Downey* is inapplicable to his situation. *Downey* affected inmates who were ineligible for early release because the Bureau of Prisons was considering sentence enhancement factors rather than just the underlying conviction. That is not the case with petitioner. The bureau is looking directly at petitioner's conviction, not at any sentence enhancements. The true gist of petitioner's equal protection claim appears to be that it is unconstitutional for the Bureau of Prisons to have differing applications of its regulations in different jurisdictions. Even if petitioner had standing to bring that claim, it would not be successful. The fact that a circuit court of appeals issues a decision on the proper interpretation of a statute does not mean that entities applying that same statute in other circuits must abide by the same interpretation. If that were the case, debate on important and difficult issues would be cut off after one circuit had ruled. Under the structure of our legal system, authoritative decisions of

**194**

that nature are left to the United States Supreme Court.

### ORDER

IT IS ORDERED that petitioner Shawn Parsons' petition for a writ of habeas corpus is DENIED.