**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-10484

(Summary Calendar)
_____

JAMES C GONZALES,

Petitioner-Appellant,

versus

JOHN M TOMBONE,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:97-CV-570-X)
_____

November 24, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

James Gonzales, a federal prisoner convicted in the United States District Court for Utah on two counts of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 and presently incarcerated in Seagoville, Texas, brings a habeas corpus petition pursuant to 28 U.S.C. § 2441. Gonzales alleges that the Bureau of Prisons (BOP) violated its statutory authority

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by defining his offense (possession of an unregistered firearm) as a crime of violence and thereby denying him eligibility for early release after his successful completion of the BOP's 500-hour drug and alcohol treatment program. *See* 18 U.S.C. § 3621(e)(2)(B) (giving the BOP authority to reduce sentence for "nonviolent" offenders who complete the drug and alcohol program).

Although the statute does not define nonviolent offender, the relevant BOP regulations define its meaning by reference to the term "crime of violence" in 18 U.S.C. § 924(c)(3). *See* 28 C.F.R. § 550.58 (1995). In turn, section 924(c)(3) defines "crime of violence" as:

> an offense that is a felony and))
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The BOP has interpreted section 924(c)(3) in Program Statement 5162.02 ¶ 7(a), which states that an inmate convicted of a firearms offense is a "violent offender" and therefore not eligible for the sentence reduction under 18 U.S.C. § 3621(e)(2)(B). The BOP determined that Gonzales' conviction for possession of an unregistered firearm makes him a violent offender and per se ineligible for the sentence reduction.

Gonzales claims that the BOP's Program Statement is inconsistent with 18 U.S.C. § 924(c)(3) because the simple possession of an unregistered firearm does not "ha[ve] as an

element the use, attempted use, or threatened use of physical force," nor does it "by its nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The BOP's Program Statement is an interpretive rule not subject to the Administrative Procedure Act's notice-and-comment requirements, and as such, is only entitled to "some deference" from a reviewing court. *See Reno v. Koray*, 515 U.S. 50, 61, 115 S. Ct. 2021, 2027, 132 L.Ed.2d 46 (1995). Nonetheless, we recently considered another portion of the same BOP Program Statement that defines "felon in possession" as a violent offense for purposes of prohibiting the sentence reduction under section 3621(e)(2)(B) and held that it was a permissible construction of the statute and regulations. *See Venegas v. Henman*, No. 97-30042, 1997 WL 637867, *11-16 (5th Cir. Oct. 31, 1997) (holding that the BOP's categorization of "felon in possession" as a violent offense for purposes of denying sentence reduction under section 3621(e)(2)(B) did not violate the statute or regulations). In *Venegas*, we explained:

> The Bureau did not exceed its statutory authority by using its discretion to exclude from consideration for early release those prisoners convicted of possession of a weapon by a felon and offenses enhanced under the sentencing guidelines for possession of a weapon.

1997 WL 637867, at *11.

We note that there is a split among the circuits on this issue. *Compare Roussos v. Menifee*, 122 F.3d 159, 164 (3d Cir. 1997) (holding that the BOP's interpretation is in conflict with

-3-

the statute and its own regulation), *Davis v. Crabtree*, 109 F.3d 566, 569 (9th Cir. 1997) (holding that "the BOP must consider felon firearm possession a nonviolent offense under § 3621(e)(2)(B)"), *and United States v. Miller*, 964 F. Supp 15, 20 (D. D.C. 1997) ("In sum, the plain language of 18 U.S.C. § 924(c)(3) and the demands of statutory interpretive consistency require the conclusion that [felon in possession] is not a crime of violence for the purposes of 18 U.S.C. § 3621(e)(2)(B)."), *with Venegas v. Henman*, No. 97-30042, 1997 WL 637867 (5th Cir. Oct. 31, 1997), *Sesler v. Pitzer*, 110 F.3d 569, 571-72 (8th Cir. 1997) (holding that BOP's categorization of conviction for using a firearm during and in relation to a drug trafficking crime as a violent offense did not violate statute), *cert. denied*, ___ U.S. ___, 118 S. Ct. 197 (1997), *and Parsons v. Pitzer*, 960 F. Supp. 191, 193 (W.D. Wis. 1997) (holding that BOP's interpretation of "felon in possession" as violent offense is permissible construction of the statute).[1]

Through its Program Statement 5162.02 ¶ 7(a), the BOP has determined that a person convicted of possessing an unregistered firearm is a violent offender because the offense, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the

---

[1]  Gonzales appears to make a claim that the circuit split denies him equal protection of the laws because prisoners in different circuits will be treated differently under the same Program Statement.  This claim ignores the structure of our legal system whereby circuits can disagree over statutory interpretation and the Supreme Court has the final authoritative decision on the legal dispute.  *See Parsons v. Pitzer*, 960 F. Supp. 191, 193 (W.D. Wis. 1997) (rejecting equal protection claim based on the circuit split over interpretation of BOP Program Statement 5162.02).

offense." 18 U.S.C. § 924(c)(3). The fact that the Sentencing Guidelines do not treat the possession of a firearm as a violent offense under section 924(c)(3) is not sufficient to carry the day for Gonzales.[2] We find no principled way to distinguish this case from our reasoning in *Venegas*, where we upheld the BOP's definition of "felon in possession" as a violent offense. The BOP's Program Statement making Gonzales ineligible for the sentence reduction because of his possession of an unregistered firearm is a permissible construction of the statute. Moreover, we reject Gonzales' claim that the BOP entered into a binding contract to give him a reduced sentence if he completed the drug program; Gonzales puts forth no evidence of such a contract, nor does he argue how it could be binding. Accordingly, the decision of the district court is hereby AFFIRMED. Gonzales' petition for writ of habeas corpus and his motion to file a supplemental brief are DENIED.

---

[2] In *Venegas*, we noted that the Sentencing Guidelines state that the "felon in possession" offense is not a "crime of violence." *See* U.S.S.G. § 4B1.2(1), comment. (n.2) (1995); *see also Stinson v. United States*, 508 U.S. 36, 113 S. Ct. 1913, 123 L.Ed.2d 598 (1993) (holding that felon-in-possession offense is not a violent offense for purposes of sentencing). We held, however, that the definition of "crime of violence" in the sentencing context is not binding in the context of interpreting the early release statute. *Venegas*, 1997 WL 637867, at *14-17.