Gregory THOMAS, Petitioner,

v.

Percy PITZER, Warden, Federal
Correctional Institution,
Oxford, Respondent.

No. 98–C–273–C.

United States District Court,
W.D. Wisconsin.

Aug. 25, 1998.

Gregory Wade Thomas, Oxford WI, for Thomas, Gregory, plaintiffs.

David E. Jones, Assistant U.S. Attorney, Madison WI, for Pitzer, Percy, for defendants.

## ORDER

CRABB, District Judge.

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. In it, petitioner contends that the Bureau of Prisons concluded improperly that he is ineligible for early release consideration under 18 U.S.C. § 3621(e) because of his conviction for being a felon in possession of a firearm. On May 27, 1998, I dismissed the petition for reasons I explained in detail in dismissing an identical habeas corpus action filed in this court, *Parsons v. Pitzer,* 960 F.Supp. 191 (W.D.Wis.1997).

On June 3, 1998, petitioner filed a timely notice of appeal, but did not pay the $105 fee for filing his appeal. Therefore, I construed the notice as including a request for leave to proceed on appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915. Because the petition raised matters occurring at the prison as opposed to matters constituting a continuation of petitioner's criminal case, the Prisoner Litigation Reform Act applies to this action. *Thurman v. Gramley,* 97 F.3d 185, 187 (7th Cir.1996). Under the act, re-

quests for leave to proceed on appeal *in forma pauperis* must be accompanied by an affidavit setting forth a statement of the issues the appealing party intends to present on appeal, 28 U.S.C. § 1915(a)(1); Fed. R.App.P. 24(a), and, if the appellant is a prisoner, a certified trust fund account statement for the six-month period immediately preceding the filing of the appeal, 28 U.S.C. § 1915(a)(2). In an order dated June 16, 1998, I directed petitioner to submit the required affidavit and trust fund account statement.

On June 24, 1998, petitioner's financial statement arrived at the court separate from his affidavit. Instead of waiting for the affidavit supporting petitioner's notice of appeal to be filed, I made a cursory review of petitioner's claim and decided that it was unlikely that I would make a finding of bad faith pursuant to 28 U.S.C. § 1915(a)(3), because at that time the Court of Appeals for the Seventh Circuit was considering the precise issue raised by petitioner. See *Parsons v. Pitzer*, 149 F.3d 734 (7th Cir.1998). Without addressing the question of bad faith formally in a written decision, I assessed petitioner an initial partial payment of the fee for filing his appeal, which petitioner has paid.

In reviewing the court of appeals' instructions to the district courts in *Newlin v. Helman*, 123 F.3d 429 (7th Cir.1997), I conclude that it may have been improper to ask petitioner to pay an initial partial payment of the fee for filing his appeal before I had made a formal determination that his appeal was taken in good faith. In *Newlin*, 123 F.3d at 432, the court of appeals stated expressly,

> The partial-prepayment mechanism under § 1915(b) applies only when a prisoner has been allowed to proceed *in forma pauperis*. The district judge uses the screening mechanism of § 1915(a)(3) to determine whether an inmate may so proceed....

Thus, the court of appeals has made it clear that an initial partial payment is not to be requested unless the district court first finds that the prisoner's appeal is taken in good faith.

The error in this case is negligible because I conclude that petitioner's appeal is not taken in bad faith. However, this conclusion was not reached easily. *Newlin* teaches that the bad faith determination is a subjective inquiry, resolved by inferring from the appellant's actions surrounding the filing of his appeal what mental processes he employed in bringing the appeal. *Id.* at p. 433. "[A] plaintiff who has been told that the claim is foreclosed and then files a notice of appeal without offering any argument to undermine the district court's conclusion is acting in bad faith." *Id.*

The example of what constitutes bad faith is difficult to interpret. It is unlikely the court of appeals intends district courts to view a prisoner's mere refusal to accept the district court's conclusion that his or her claim lacks legal merit as an indicator of bad faith. Every appeal stems from the appellant's unwillingness to accept a district court's decision. That leaves as guidance the suggestion that a finding of bad faith is to be made when the prisoner fails to "offer[ ] any argument to undermine the district court's conclusion...."

It is logical to conclude that a prisoner who refuses to file one word of argument in support of his notice of appeal is acting in bad faith. It is less clear what *Newlin* requires when a prisoner does make some argument. Is it bad faith when a prisoner supports his challenge with argument if all the arguments he makes are legally frivolous? Is it bad faith when the would-be appellant believes sincerely but incorrectly that the district court has erred? From my reading of *Newlin*, I conclude that a court cannot find bad faith when a petitioner's argument is clearly sincere, albeit wrong. However, there may be situations in which the arguments are so frivolous as to constitute evidence that the petitioner is not sincere in his appeal.

In support of his appeal, petitioner argues that this court erred in applying the case law it did. I have no reason to question the sincerity of petitioner's argument. As I noted earlier, the very issue he seeks to raise on appeal was before the court of appeals at the time he filed his notice of appeal. However, on July 24, 1998, the court of appeals handed down its decision in *Parsons v. Pitzer*, and in doing so, ruled definitively that petitioner's

claim is legally meritless. Thus, there is no point in petitioner's appeal and petitioner faces the possibility of incurring a strike under 28 U.S.C. § 1915(g) from the court of appeals if he pursues what has become a legally frivolous appeal in the appellate court. As odd as it might seem to have an appeal that is doomed to failure but not certified as brought in bad faith, it is what the statute has been read to require. In *Newlin,* the court of appeals observed that in amending § 1915, Congress removed former subsection (d), and with it, the authority of a district judge to deny leave to appeal *in forma pauperis* on the ground that an appeal is legally frivolous. *Newlin* directs district judges to make no mistake about this change. It cautions, "[D]istrict judges should take care … to distinguish the criteria of § 1915(e)(2) [allowing an assessment of the legal merits of a claim], which they may apply when evaluating requests to proceed *in forma pauperis* in their own courts, from the criterion of § 1915(a)(3), which applies once the plaintiff seeks to appeal." *Newlin,* 123 F.3d at 433.

█ Despite the legally frivolous nature of petitioner's appeal, I am without the authority to bar it on that ground. Because petitioner has evidenced no bad faith in bringing his appeal, I do not intend to certify that petitioner's appeal is not taken in good faith.

Had I followed the technical requirements for collecting payment of the appellate filing fee, it would be at this point that I would assess petitioner an initial partial payment of the filing fee. In this case, petitioner has already paid it. Petitioner should be aware that if he continues to pursue his appeal, he may incur a strike under § 1915(g) for bringing an appeal that is without legal merit. Further, he should be aware that whether or not he withdraws his appeal, he is obligated to pay the remainder of the fee for filing his appeal in monthly installments according to the procedure set out in 28 U.S.C. § 1915(b)(2).