Kenneth A. JOHNSON, Petitioner,

v.

Joseph CRABTREE, Warden, FCI Sheridan, Respondent.

No. CIV. 97–37–HA.

United States District Court, D. Oregon.

Dec. 1, 1997.

OPINION AND ORDER

HAGGERTY, District Judge.

## I. INTRODUCTION

This matter comes before the court on Mr. Johnson's petition for a writ of habeas corpus and Respondent's motion to dismiss. Mr. Johnson's petition for a writ of habeas corpus challenges the ruling by the United States Bureau of Prisons finding him ineligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B).

Upon consideration of the parties briefs, the relevant law, and the record herein, the court rules that (1) Mr. Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is ripe for judicial consideration and (2) possession of stolen explosives is a nonviolent offense for the purposes of Section 3621(e)(2)(B) eligibility. Accordingly, Mr. Johnson's petition for a writ of habeas corpus will be granted.

## II. BACKGROUND

Mr. Johnson is a federal prisoner currently being housed by the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") at Sheridan, Oregon. On December 6, 1995, Mr. Johnson entered a plea of guilty to a charge of possession of stolen explosives in violation of title 18 U.S.C. § 842(h)(2), in the United States District Court for the District of Idaho. Subsequently, on February 16, 1996, Mr. Johnson was sentenced to a term of imprisonment of 50 months to be followed by three years of supervised release.

Mr. Johnson arrived at FCI Sheridan on March 14, 1996. On September 11, 1996, BOP officials at FCI Sheridan advised Mr. Johnson that his conviction for possession of stolen explosives in violation of 18 U.S.C. § 842(h) rendered him ineligible for a reduction of his 50–month guideline sentence pursuant to the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), 18 U.S.C. § 3621(e). The VCCLEA authorizes the BOP to provide a drug abuse treatment program ("DAT program") that permits the BOP to grant a successful graduate of the program a sentence reduction of up to one year. 18 U.S.C. § 3621(e)(2)(B). Mr. Johnson entered into the DAT program on September 25, 1996, despite the BOP's September 11, 1996 notice to him that he was ineligible for a sentence reduction.

On January 10, 1997, while Mr. Johnson was participating in the first phase of the DAT program, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Mr. Johnson requested that this court order the BOP to find him eligible for the one-year sentence reduction authorized under 18 U.S.C. § 3621(e)(2)(B). In response, on April 11, 1997, Respondent filed a motion to dismiss arguing that Mr. Johnson had not successfully completed the residential component of the DAT program and was thus not permitted to contest eligibility. Mr. Johnson then filed a motion for an extension of time until August 8, 1997, to reply to the Respondent's motion for dismissal. This court

granted Mr. Johnson's motion and entered an order to that effect on June 12, 1997.

On August 8, 1997, Mr. Johnson filed a reply to the Respondent's motion to dismiss and a supplemental memorandum in support of his petition seeking habeas corpus relief. On September 24, 1997, Mr. Johnson successfully completed the 500 hour residential component of the DAT program. On October 9, 1997, Respondent filed an answer to Mr. Johnson's petition for a writ of habeas corpus. On October 22, 1997, Mr. Johnson filed a reply to the government's opposition to his petition for a writ of habeas corpus.

## III. ANALYSIS

As a preliminary matter, this court must determine whether Mr. Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is ripe for judicial consideration. If the court finds that the case is ripe for consideration, the court must then determine whether Mr. Johnson was convicted of a nonviolent offense and is therefore eligible for a sentence reduction pursuant to Section 3621(e)(2)(B).

### A. Mr. Johnson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is Ripe for Consideration

The first issue before the court is whether the court may review a BOP's prospective eligibility determination prior to the prisoner's successful completion of the DAT program.[1]

Respondent argues that based on this court's orders in *Bowser v. Crabtree*, Civil Action No. 96–44–HA and *Jose Contreras–Palomares v. Crabtree*, Civil Action No. 96–1715–HA, the present action is premature and should be denied and dismissed without prejudice. Specifically, Respondent argues that Mr. Johnson must successfully complete all three phases of the DAT program before he can petition this court to review the a determination of eligibility for the DAT program by the BOP. Therefore, Respondent concludes that since Mr. Johnson has not completed all three phases of the DAT pro-

gram, his petition for a writ of habeas corpus is not yet ripe for consideration.

Although there is no controlling law on this issue, the recent Ninth Circuit case, *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir.1997), sheds some light on the matter. In *Cort*, the court stated that contrary to Respondent's assertion, the government should not delay a determination of eligibility for the DAT program. *Cort* 113 F.3d at 1085. Specifically, the court stated that delaying a determination of eligibility would undermine the purpose of the statute. *Id.* The *Cort* court further explained that,

> [w]hile some prisoners may be willing to enroll, and even to complete treatment, simply on the basis of a reasonable expectation that they will be found eligible, or even simply because they desire to cure themselves of drug addiction, prisoners who know prior to ·enrollment that they are eligible to receive a shorter sentence are likelier to enroll, and those who are found during the course of the program to be eligible for early release are likelier to complete the program.

*Id.*

■ In light of *Cort*, this court holds that a prisoner may seek judicial review of a BOP prospective eligibility determination once the BOP renders its decision. In other words, successful completion of the DAT program is not a prerequisite to seeking judicial review. This ruling is consistent with the purpose of the statute in providing prisoners with an incentive to enter and complete a substance abuse treatment program.

In the present case, the BOP advised Mr. Johnson that he was ineligible for a reduction in his 50–month guideline sentence on September 11, 1996. Accordingly, Mr. Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is ripe for consideration.

### B. Possession of Stolen Explosives is a Nonviolent Offense for the Purposes of Section 3621(e)(2)(B) Eligibility

Having concluded that this case is ripe for judicial review, this court must now consider

---

1. Prospective eligibility determinations made by the BOP are merely provisional and remain sub- ject to completion of the entire DAT program.

whether the BOP has properly decided that Mr. Johnson is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3621(e)(2)(B).

Mr. Johnson contends that the BOP improperly considers possession of stolen explosives, in violation of 18 U.S.C. § 842, a "crime of violence" within the meaning of Section 924(c)(3), and therefore not a "nonviolent offense" under Section 3621(e)(2)(B). Mr. Johnson argues that possession of stolen explosives is not considered a crime of violence under the United States Sentencing Guidelines or in prevailing case law, and thus should not be categorized as such in Program Statement 5162.02. Furthermore, Mr. Johnson argues that possession of stolen explosives is "nonviolent" within the meaning of Section 3621(e) as a matter of law.

Respondent, on the other hand, argues that the BOP's determination to categorically exclude from early release those inmates convicted of possession of stolen explosives in violation of 18 U.S.C. § 842(h) is a valid exercise of the discretion afforded to the director of the BOP. Respondent further argues that there is no binding authority in this district which precludes such a determination.

On September 13, 1994, Congress passed the Violent Crime Control and Law Enforcement Act of 1994 which, *inter alia*, directed the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to obtain treatment while in custody, Congress vested the BOP with the authority to reduce "the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program ...

but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

While the statute does not define "nonviolent offenses," BOP regulations promulgated thereunder adopted the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3),[2] to define "nonviolent offenses" and to determine which prisoners are eligible for sentence reductions. *See* 28 C.F.R. § 550.58.[3]

In an effort to provide further guidance on the definition of "crime of violence," the BOP issued Program Statement 5162.02 (July 24, 1995) (amended April 26, 1996). Program Statement 5162.02 lists a number of offenses and categorizes them as either crimes of violence in all cases or crimes of violence depending on the facts in a particular case for purposes of Section 3621. The amended version of Program Statement 5162.02 specifically includes all offenses in violation of 18 U.S.C. § 842 as "crimes of violence." [4]

The principles established in *Davis v. Crabtree*, 923 F.Supp. 166 (D.Or.1996), *affirmed*, 109 F.3d 566 (9th Cir.1997) and *Downey v. Crabtree*, 923 F.Supp. 164 (D.Or.1996), *affirmed*, 100 F.3d 662 (9th Cir.1996) control the outcome in the present case.

In these two cases, the Ninth Circuit concluded that although the BOP "has broad discretion to adopt any reasonable definition of 'nonviolent offense' under Section 3621," the BOP is bound by this Circuit's interpretation of 18 U.S.C. § 924(c)(3). *See Downey* 100 F.3d at 666. The courts in *Davis* and *Downey* thus concluded that because the Ninth Circuit had explicitly held that, "possession of a firearm by a felon is not a 'crime

---

**2.** Section 924(c)(3) provides that the term "crime of violence" means an offense that is a felony and—

    (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

**3.** 28 C.F.R. § 550.58 provides that "inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)" are not eligible for early release notwithstanding their enrollment in a qualifying drug treatment program.

**4.** The April 26, 1996 Program Statement 5162.02 states that 18 U.S.C. § 842(h) convictions are considered to be violent convictions for the purpose of early release determinations under 18 U.S.C. § 3621(e).

of violence' under § 942(c)(3),"[5] the BOP's determination that the possession of a firearm by a convicted felon was a crime of violence under 18 U.S.C. § 3621(e)(2)(B) was contrary to the "well-established" law of this Circuit. *Id.* at 667; *Davis* 109 F.3d at 569. Moreover, *Davis* specifically held that if an offense is considered nonviolent for the purposes of the United States Sentencing Guidelines, the BOP must also consider it nonviolent for the purposes of Section 3621(e)(2)(B). *Davis* 109 F.3d at 569.

■ This court finds that for the purpose of defining a "crime of violence" there is no difference between possession of firearms and possession of explosives. Similar to the crime of being a felon in possession of a firearm, the crime of possession of explosives does not have as an element the actual, attempted or threatened use of violence, nor does the actual conduct it charges involve a serious potential risk of physical injury to another. Therefore, it follows that mere possession of explosives does not fall with in the term of "crime of violence" under Section 924(c)(3). In addition, this court notes that the United States Sentencing Guidelines does not contemplate mere possession of explosives as a "crime of violence." Accordingly, this court rules that for the purposes of Section 3621(e)(2)(B), the offense of possession of stolen explosives is a nonviolent offense. Consequently, the BOP must consider prisoners convicted of possession of stolen explosives to be eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).

### ORDER OF THE COURT

For the foregoing reasons, it is

**ORDERED** that Mr. Johnson's petition for a writ of habeas corpus (doc. # 2) be and is hereby GRANTED; it is

**FURTHER ORDERED** that Respondent's motion to dismiss (doc. # 12) be and is hereby DENIED; it is

**FURTHER ORDERED** that this case be remanded to the BOP for further proceedings consistent with this opinion and order;[6] and it is

**FURTHER ORDERED** that all other pending motion be and are hereby DENIED as moot.

**IT IS SO ORDERED.**

---

5. *See United States v. Cantu,* 12 F.3d 1506, 1513–14 (9th Cir.1993) (holding that felon in possession of a firearm was not a crime of violence for the purposes of the U.S.S.G. because the status of being a felon in possession "does not have as an element the actual, attempted or threatened use of violence, nor does the actual conduct it charges involve a serious potential risk of physical injury to another.")

6. The BOP is directed to immediately transfer Mr. Johnson to a Community Corrections Center if there is no other basis for denying him early release under § 3621(e)(2)(B).