**Gary Lee GUNDERSON, Petitioner,**

v.

**Robert A. HOOD, Warden, Respondent.**

**Civil No. 99–1233–HA.**

United States District Court,
D. Oregon.

Dec. 13, 2000.

Stephen R. Sady, Chief Deputy Federal Defender, Portland, OR, for Petitioner.

Kenneth C. Bauman, Assistant U.S. Attorney, Portland, OR, for Respondent.

## OPINION AND ORDER

HAGGERTY, District Judge.

Pending before the court is petitioner's motion for reconsideration of the court's Opinion and Order dated September 19, 2000, which denied his motion to lift the stay on this case and grant his petition for writ of habeas corpus on alternative grounds.[1] Petitioner is an inmate at the Federal Correctional Institution ("FCI") at Sheridan, Oregon and is currently serving a term of incarceration as a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). Petitioner complains that the Bureau of Prisons ("BOP") found him ineligible for a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), which allows the BOP to grant federal inmates convicted of a nonviolent offense a one-year sentence reduction for the successful completion of a qualified drug-and-alcohol-abuse ("DAP") program. *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997).

The BOP found petitioner ineligible for a sentence reduction because he was convicted under 18 U.S.C. § 922(g) as a felon in possession of ammunition. The BOP regulation governing eligibility, 28 C.F.R. § 550.58, does not specifically exclude inmates convicted of being a felon in possession of ammunition;[2] however, a BOP program statement does. BOP Program Statement 5162.04 states, "All offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits" including eligibility for a one-year sentence reduction. 18 U.S.C. § 922(g), referenced by the program statement, criminalizes possession of ammunition by a felon as well as possession of a firearm by a felon.[3] Thus, by its reference to § 922(g), BOP Program Statement 5162.04 excludes inmates convicted of the offense of felon in possession of ammunition from eligibility for early release.

In his initial motion for relief on alternative grounds, petitioner argued that the program statement is invalid because, in his view, it conflicts with the regulation. In its decision of September 19, 2000, this court found that while 28 C.F.R. § 550.58 does not list "ammunition" by name, nevertheless it encompasses the offense of felon in possession of ammunition. Specifically, the regulation makes ineligible for a sentence reduction those "inmates whose current offense is a felony ... that involved the carrying, *possession*, or use of a firearm or *other dangerous weapon or explosives* (including any explosive material or explosive device)." 28 C.F.R. § 550.58 (emphasis added). The court found that ammunition qualifies as "any

---

**1.** This court originally granted the petition under the applicable law in this circuit at the time. *See Davis v. Crabtree*, 109 F.3d 566, 570 (9th Cir.1997). As a result of *Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir.2000), however, the law regarding the Bureau of Prison's ability to deny inmates one-year sentence reduction changed substantially, and the court's original grounds for granting the petition were no longer valid. Consequently, the court vacated the judgment and stayed this case pending the Ninth Circuit's mandate in *Bowen*. Petitioner then moved this court for relief on the alternative grounds which are presently before the court.

**2.** The regulation provides,

As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

...
(vi) Inmates whose current offense is a felony
...
(B) that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).
28 C.F.R. § 550.58.

**3.** That statute provides,

It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for more than a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce.

explosive material or explosive device" and a "dangerous weapon" within the meaning of the regulation. Thus, rather than conflicting with the regulation, the program statement clarified the BOP's view that ammunition offenses are excluded by the regulation. The court also found that the program statement was a reasonable interpretation of the statute. In his motion for reconsideration, petitioner argues that the court erred in reaching those conclusions.

### 1. Ammunition as Explosive Material or a Dangerous Weapon.

■ First, petitioner argues that "explosive material," as used by 28 C.F.R. § 550.58, has a particular meaning in accordance with federal criminal statutes. 18 U.S.C. § 845(a) specifically excludes "small arms ammunition and components thereof" from the sections of the criminal code governing explosive materials. Respondent argues that based on simple logic, ammunition contains highly explosive material such as gun powder. Respondent also notes that the Department of Transportation regulates the transportation of ammunition because of its explosive propensities. 49 C.F.R. § 173.50 *et seq.* However, the BOP exclusions are based on the nature of the offense for which the inmate was convicted. As a result, the most relevant definitions of terms in the regulation are those provided by Congress in defining those offenses. 18 U.S.C. § 845(a) specifically excludes "small arms ammunition and components thereof" from the criminal prohibitions on the possession of explosive materials. Accordingly, the court finds that the term "explosive material" as used in 28 C.F.R. § 550.58 does not encompass ammunition.

Second, petitioner argues that "dangerous weapon," as used in the regulation, also has a specific legal meaning that does not include ammunition. He points to the federal sentencing guidelines as support for his argument. Under the sentencing guidelines, " 'Dangerous weapon' means an instrument capable of inflicting death or serious bodily injury." USSG § 1B1.1, comment, n. 1 (d). The Ninth Circuit's reasoning in *United States v. Smith,* 905 F.2d 1296, 1300 (9th Cir.1990), under a previous version of the guidelines, is instructive.[4] In *Smith,* the court found that an inoperable gun present during a bank robbery was a dangerous weapon because it could be used as a bludgeon or used to induce fear. The court's reasoning focused on how the gun could be used as a weapon. *See id.* The court did not consider the gun in its usual sense as a firearm because this particular gun could not be fired.

In the present case, ammunition cannot be fired without a propulsion mechanism. Unlike a firearm, it is difficult to see how ammunition, standing alone, can injure or cause death. Ammunition cannot bludgeon someone effectively, and thus, it is unlikely to be used as an effective weapon without being fired from a firearm.[5] Therefore, under the Ninth Circuit's line of reasoning in *Smith,* ammunition, standing alone, is not a "dangerous weapon" within the meaning of the regulation.

### 2. Validity of the Program Statement.

Having determined that ammunition probably does not fall within the plain language of 28 C.F.R. § 550.58, the court finds that the BOP could nonetheless lawfully deny petitioner eligibility based on

18  U.S.C. § 922(g).

**4.** The present version of the sentencing guidelines draws a distinction between firearms and dangerous weapons. *United States v. Burnett,* 16 F.3d 358, 360 n. 1 (9th Cir.1994).

**5.** Respondent points out that petitioner was originally charged with being a felon in possession of a firearm; however, that charge was dismissed. *Downey v. Crabtree,* 100 F.3d

662, 668 (9th Cir.1996), held that only the offense for which the inmate was convicted may be considered in determining sentence-reduction eligibility. In the wake of *Bowen,* it is unclear what, if any, portion of *Downey* remains good law. Nonetheless, the court has focused its inquiry on the nature of the offense in general (here, the characteristics of ammunition), not the surrounding circumstances of this particular inmate's conviction.

Program Statement 5162.04. That is, even though the regulation is silent on the issue of denying petitioner eligibility based on his ammunition conviction, the BOP could properly find petitioner ineligible based on its program statement.

Petitioner argues he is entitled to relief under *Davis v. Crabtree*, 109 F.3d 566 (9th Cir.1997); *Downey v. Crabtree*, 100 F.3d 662 (9th Cir.1996); and *Johnson v. Crabtree*, 996 F.Supp. 999 (D.Or.1997). Those cases held that an earlier BOP program statement's interpretation of "crimes of violence" was inconsistent with the controlling statute, 18 U.S.C. § 924(c)(3). The program statement attempted to categorize several offenses as "violent," even though Ninth Circuit precedent indicated they were "non-violent." However, following the Ninth Circuit's decision in *Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir. 2000), the continuing validity of those cases is highly questionable. After losing in *Davis*, *Downey*, and *Johnson*, the BOP promulgated 28 C.F.R. § 550.58, which declares that the BOP is "exercising its discretion" under 18 U.S.C. § 924(c)(3) to exclude felons whose crimes involved possession or use of firearms, dangerous weapons, or explosives. In a split decision, *Bowen* held that the BOP's "exercise of discretion" in enacting the regulation was proper. 202 F.3d at 1218–1221. For all practical purposes, *Bowen* overruled the result of *Downey* and *Davis*. As a result, where *Bowen* conflicts with *Downey*, *Davis*, and their progeny, this court finds that *Bowen* must be followed.

■ *Bowen* itself disposes of petitioner's argument that the BOP program statement conflicts with the regulation. In *Bowen*, the Ninth Circuit stated,

> the agency's interpretation of a statute that it is entrusted to administer is entitled to considerable weight unless it is arbitrary, capricious, or manifestly contrary to the statute.

*Tang v. Reno*, 77 F.3d 1194, 1196–97 (9th Cir.1996). Moreover, those strictures still have force when "the Bureau's interpretation appears only in a 'Program Statement'—an internal agency guideline—rather than in 'published regulations subject to the rigors of the Administrative Procedure Act, including public notice an comment.'" *Reno v. Koray*, 515 U.S. 50, 61–62, 115 S.Ct. 2021, 132 L.Ed.2d 46(1995). As the Supreme Court has said, "BOP's internal agency guideline [i.e., a program statement], which is akin to an 'interpretive rule' that 'do[es] not require notice and comment,' is still entitled to some deference, since it is a 'permissible construction of the construction of the statute.'" *Id.*

202 F.3d at 1218. Accordingly, even if an agency statutory interpretation appears only in a BOP Program Statement, this court may not disallow that interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.*

■ Here, the regulation, 28 C.F.R. § 550.58, does not include a conviction for felon in possession of ammunition among the offenses that exclude an inmate from receiving a sentence reduction. On the other hand, the regulation does not state that those inmates are categorically eligible for a sentence reduction, and the regulation does not say the offenses listed in the regulation are the only offenses for which an inmate may be excluded from eligibility for early release. Thus, there is no direct conflict between the regulation and the program statement. The regulation is merely silent on the issue. Although petitioner argues that the program statement adds an additional exclusion not listed in the regulation, this is insufficient under *Bowen* to find that the program statement is invalid. Under *Bowen*, a program statement is still accorded some deference, even though its interpretive content does not appear in an agency regulation. Thus, even though 28 C.F.R. § 550.58 is silent on the offense of felon in possession of ammunition, Program Statement 5162.04 is entitled to some deference. *Id.* The court also finds that Program Statement 5162.04 is a reasonable

interpretation of the statute governing eligibility for early release. 18 U.S.C. § 922(g) criminalizes possession of both ammunition and firearms by a felon. As respondent puts it, "Congress made no distinction between an ex-con in possession of a firearm or ammunition, why should the BOP treat them differently?" (Respondent's Supplemental Brief at 6.)

In summary, under the legal backdrop created by *Bowen*, the BOP's determination that both felons in possessions of firearms and felons in possession of ammunition are ineligible for early release was reasonable, even though this determination appears only in the program statement.

**THEREFORE, IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of his motion to lift the stay and grant relief on alternative grounds, (doc. 19), is granted. But for the reasons stated in this opinion, his motion to lift the stay and grant relief on alternative grounds, (doc. 15), remains denied.